**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Evelyn A.B., | Case No. 26-cv-950 (MJD/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kristi Noem, *Secretary of the U.S. Department of Homeland Security*; Todd Lyons*, Acting Director of U.S. Immigration and Customs Enforcement*; David Easterwood*, Acting Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and Pamela Bondi, *Attorney General of the United States,* | |
| Respondents. | |

This matter is before the Court on Petitioner Evelyn A.B.'s[1] *Petition for Writ of Habeas Corpus* ("Petition") (ECF No. 1). Evelyn is a citizen of Ecuador and entered the United States without inspection on December 12, 2024. (*Id.* at 4.) Since February 2, 2026, United States Immigration and Customs Enforcement ("ICE") has detained her at Fort Snelling, Minnesota. (*Id.* at 1, 3.) Respondents are various federal officials responsible for enforcing the nation's immigration laws and who control Evelyn's detention at Fort Snelling. (*Id.* at 3-4.)

Evelyn filed the Petition on February 2, 2026, asking the Court to issue a writ of habeas corpus ordering Respondents to set bond for Petitioner and release her immediately. (*Id.* at 12.) She argues Respondents' authority to detain noncitizens such as herself, who are arrested inside U.S. borders, falls under 8 U.S.C. 1226(a), which provides that such individuals are entitled to a bond hearing. (*Id.* at 7-8.) Instead, Respondents have argued in similar cases that detention of individuals

---

[1] This District has adopted a policy of using only the first name and last initial of any

such as Petitioner falls under 8 U.S.C. § 1225(b)(2).  Indeed, this is one of numerous recent cases challenging the application of 8 U.S.C. § 1225(b)(2) to aliens who have been living in the United States unlawfully.  The presiding judge in this case, Judge Michael J. Davis, has previously held that, because such aliens are not "seeking admission," *see* 8 U.S.C. 1225(b)(2), that provision does not apply to them.  *See Beltran v. Bondi*, 25-cv-4604 (MJD/DTS), 2025 WL 3719856 (D. Minn. Dec. 23, 2025).  The undersigned agrees and accordingly concludes that the Petition should be granted.

Moreover, "[i]ssuance of a warrant is a necessary condition" precedent for detention under Section 1226(a).  *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026).  The warrant requirement is plainly in the text of Section 1226(a) and has been the basis for several orders for the immediate release of other, similarly situated, petitioners in this District, *see Ahmed M.*, 2026 WL 25627, at *3; *Juan S.R. v. Bondi*, 26-cv-5 (PJS/LIB) (D. Minn. Jan. 12, 2026) (ECF No. 8); *Byron V.G. v. Bondi*, 26-cv-99 (KMM/DJF) (D. Minn. Jan. 15, 2026) (ECF No. 8).

Judge Davis ordered Respondents to file an answer to Evelyn's petition no later than February 4, 2026.  (ECF No. 5.)  Respondents failed to respond by that date and have not requested an extension of the response deadline.  The Court therefore deems the Petition unopposed.  *See Ihor D., v. Noem*, No. 26-CV-351 (JMB/DTS), 2026 WL 146507, at *1 (D. Minn. Jan. 20, 2026).  Moreover, in failing to respond, Respondents have neither produced a warrant nor indicated that a warrant was obtained prior to Evelyn's detention.  Because Respondents have not established any legal basis to detain Evelyn, the Court recommends they be ordered to release her immediately.

Given the expedited nature of these proceedings, the Court is altering the standard timelines for Respondents to file objections to this Report and Recommendation.  *See* L.R. 72.2(b)(1) ("A

---

nongovernmental parties in orders in immigration matters.

party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*.") (emphasis added).  Respondents must file any objection to this Report and Recommendation on or before **February 8, 2026**.  Petitioner may file a response to any objections on or before **February 10, 2026**.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.  Petitioner Evelyn A.B.'s *Petition for Writ of Habeas Corpus* (ECF No. 1) be **GRANTED IN PART** and **DENIED IN PART**.

2.  Respondents be ordered to release Petitioner Evelyn A.B. from custody as soon as practicable.

3.  If the Petition is granted, Petitioner be directed that any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within **21 days** of entry of judgment, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted under that statute.

3.  The remainder of Petitioner Evelyn A.B.'s Petition be **DENIED WITHOUT PREJUDICE**.

Dated: February 5, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. For the reasons previously stated, Respondents must file any objection to this Report and Recommendation on or before **February 8, 2026**. Petitioner may file a response to any objections on or before **February 10, 2026**.